IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CODY SETH STEELE,**    )
                         )
    **Plaintiff,**      )
                         )
                         )   Civil Action No. 5:25-00584
**v.**                   )
                         )
                         )
**CORRECTIONAL OFFICER PACK,** *et al.*,  )
                         )
    **Defendants.**     )

**O R D E R**

On December 1, 2025, Plaintiff filed a documents/letter in support of his Amended Complaint. (Document No. 13.) In the above document/letter, Plaintiff complains that staff at the Central Regional Jail are acting with deliberate indifference to his safety by failing to place Plaintiff in protective custody. (Id.) The undersigned finds that Plaintiff's above allegations do not relate back to the allegations contained in Plaintiff's original Complaint or Amended Complaint, which involve allegations of excessive force by four correctional officers at the Southern Regional Jail (Document Nos. 1 and 4). Furthermore, these allegations are against new defendants. Therefore, the undersigned **CONSTRUES** Plaintiff's above document/letter (Document No. 13) as an attempt to initiate a new civil action pursuant to 42 U.S.C. § 1983, and hereby **DIRECTS** the Clerk to open a new civil action and include therein a copy of Plaintiff's document/letter (Document No. 13). The Clerk is directed to indicate Central Regional Jail Staff as the named Defendant in the new action. If Plaintiff wishes to proceed with a Section 1983 action concerning claims against staff at the Central Regional Jail, Plaintiff should do the following by **January 20, 2026**: (1) Plaintiff shall file the form Complaint specifying, among other things, the names of individual Defendant(s) in his Section 1983 action and stating specific

facts as to how each defendant violated his constitutional rights;[1] and (2) Plaintiff shall either pay the filing and administrative fee totaling $405 or file the Application to Proceed Without Prepayment of Fees and Costs. The undersigned further **DIRECTS** that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed Without Prepayment of Fees and Costs. In filing his form Complaint, Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to the above document/letter (Document No. 13), or additional documentation, or to incorporate the same by reference in the form Complaint. The form Complaint will supersede the document/letter (Document No. 13) used as the initiating documents, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. Failure of the Plaintiff to comply with the foregoing requirements on or before **January 20, 2026**, will result in a recommendation of dismissal of the new Section 1983 action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[3].

---

[1] Plaintiff is **NOTIFIED** that this new action will be separate and apart from Case No. 5:25-cv-00584, which involves claims of excessive force by Defendants Pack, Lilly, Cox, and Clear at the Southern Regional Jail. Plaintiff should **NOT** include these allegations in the new civil action. Again, the new action is opened based upon Plaintiff's claim of deliberate indifference to Plaintiff's safety by staff at the Central Regional Jail. Since Plaintiff will now have two opened civil actions before this Court, each having separate case numbers, Plaintiff should exercise caution and ensure the correct case number is placed on documents sent to this Court for filing.

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

[3] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any

Plaintiff is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies ***prior*** to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[4] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider

---

order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

[4] 42 U.S.C. § 1997e(a) provides as follows:
No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

such as a denial and proceed to the next level in the administrative remedy process. Plaintiff is **NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief, he should voluntarily dismiss the new Section 1983 action and initiate a new action upon completion of the administrative remedy process.

Accordingly, it is hereby **ORDERED** that the Clerk mail a copy of this Order, an Application to Proceed Without Prepayment of Fees and Costs, and a form Complaint to Plaintiff.

ENTER: December 19, 2025.



Omar J. Aboulhosn
United States Magistrate Judge